## IN RE PHILLIPS

[99 N.C. App. 159 (1990)]

IN THE MATTER OF: VERA PHILLIPS

No. 8913DC905

(Filed 19 June 1990)

**Courts § 16 (NCI3d) — custody of minor transferred by one district court to another — no authority of court to transfer**

The Bladen County District Court erred in transferring custody of a minor child from Bladen County DSS to Cumberland County DSS and in transferring the entire action to Cumberland County District Court since the child's legal residence when the proceeding was initiated was Bladen County, the county of her parents' residence; neither the child's parents' incarceration outside Bladen County nor the child's hospitalization outside Bladen County affected her legal residence; though the child's hospitalization may have been a change in circumstances warranting modification of prior orders, change in circumstances did not authorize the court to exceed its statutory authority; and Cumberland County District Court orders entered while the child was hospitalized in Cumberland County did not conflict with continued custody by Bladen County DSS or continued jurisdiction of her case in Bladen County. N.C.G.S. §§ 7A-523(a), 7A-524, 7A-558(b), 7A-647, 7A-664(a), 153A-257.

**Am Jur 2d, Infants §§ 29, 33.**

ON writ of certiorari from judgment entered 11 April 1989 by *Judge David Garrett Wall, Sr.* in BLADEN County District Court. Heard in the Court of Appeals 7 March 1990.

This is an appeal by the Cumberland County Department of Social Services ("Cumberland DSS") from an order entered in Bladen County District Court transferring custody of a minor child from Bladen County Department of Social Services ("Bladen DSS") to Cumberland DSS and transferring the entire action to Cumberland County District Court.

On 15 June 1987, the Bladen County District Court ordered Bladen DSS to assume custody of Vera, the minor child. Vera's parents, Ann and Sylvester Phillips, were subsequently sentenced to life imprisonment and placed in the custody of the North Carolina Department of Corrections without bond pending appeal. Bladen DSS retained custody of Vera from 15 June 1987 until entry of

the order of 11 April 1989 transferring custody to Cumberland DSS. During this period, Vera was declared a dependent juvenile.

On 20 January 1989, Bladen County Mental Health Center and Bladen DSS officials took Vera to Cumberland Hospital, a private psychiatric facility in Cumberland County, due to serious emotional and psychological problems. Vera was admitted to Cumberland Hospital pursuant to N.C. Gen. Stat. § 122C-221, which provides for voluntary admissions of minors to facilities for the mentally ill. As required by N.C. Gen. Stat. § 122C-224, a hearing was held in Cumberland County District Court within fifteen days of Vera's admission to the hospital. Judge James F. Ammons ordered that Vera receive further inpatient treatment at the hospital for a period not to exceed fifty-six days. Judge Ammons further ordered that Vera not visit with her parents during this period and ordered Cumberland DSS to determine what future placement was in Vera's best interest.

On 7 February 1989, Bladen DSS moved for a review of the prior orders of the Bladen County District Court with regard to Vera's custody and visitation with her parents. At the hearing on 30 March 1989, the day before Vera's anticipated discharge from the hospital, the court ordered that Bladen DSS retain custody of Vera and upon her discharge from the hospital, find a suitable placement. The court also ordered that Vera have no contact with her parents.

The night before Vera's planned discharge, she suffered a relapse. On 31 March 1989, a second hearing was held in Cumberland County District Court. Janice B. Blanks, a Bladen DSS social worker, was present at the hearing. Judge Sol G. Cherry ordered that Vera receive further treatment for a period not to exceed thirty days. He further ordered that Vera not visit with her parents in prison, that attorneys representing any parties not interview her without the express approval of the court, and that a Cumberland County guardian ad litem investigate the best future course for Vera.

On 4 April 1989, Bladen DSS moved in Bladen County District Court to transfer Vera's case to Cumberland County District Court. A hearing was held on 11 April 1989. At that hearing, Judge Wall ordered this action transferred to Cumberland County District Court, custody of Vera transferred to Cumberland DSS and relieved Bladen DSS of any further involvement in the action. From this order, Cumberland DSS appeals.

**IN RE PHILLIPS**

[99 N.C. App. 159 (1990)]

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Debra K. Gilchrist, Amicus Curiae.*

*Thomas M. Johnson for appellee Bladen County Department of Social Services.*

*David L. Kennedy for appellant Cumberland County Department of Social Services.*

ARNOLD, Judge.

The issue before us is the validity of the following portions of the trial court's order:

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. That this action be transferred to the Cumberland County District Court, Juvenile Division, for further dispositional proceedings and further monitoring of the situation of the minor child, Vera Phillips.

2. That legal and physical custody of the minor child, Vera Phillips, be, and is hereby, transferred to the Cumberland County Department of Social Services.

We hold that the trial court exceeded its authority in entering the quoted provisions of the 11 April 1989 order.

While the trial court's order does not specify the statutes relied upon as authority, the order does contain the following conclusions which the trial judge apparently thought were a sufficient basis for the order:

2. That there has been a material and substantial change of circumstances surrounding the minor child, Vera Phillips, and her welfare and best interests, to warrant a change in the prior Orders of this Court so as to transfer this action to the Cumberland County District Court. . . .

3. That . . . it is impossible for this Court to properly monitor and control the activities of [Vera] and . . . that the [Bladen DSS], and . . . the attorney advocate . . . [and] the guardian ad litem for [Vera], and the attorneys for the parents of [Vera] are further prevented from performing and carrying out their specific lawful duties.

4. That, should [Vera] need additional foster home placement away from her minor brother . . . , and since there are no such additional foster placement available in Bladen County at this time, that Cumberland County is also the more advantageous and convenient place to have jurisdiction and control of [Vera] and the action herein because such county is where the treatment facility whereat [Vera] is currently being treated and is also the county in which any additional foster placement should be made for [Vera].

First, although Vera's hospitalization may have been a change in circumstances warranting modification of the prior orders pursuant to N.C. Gen. Stat. § 7A-664(a), any modification must be within the court's statutory authority. Change in circumstances does not authorize a court to exceed its statutory authority.

Second, we see no conflict between the Cumberland County District Court orders pursuant to N.C. Gen. Stat. § 122C-221 *et seq.* on the one hand and the continued custody of Vera by Bladen DSS and jurisdiction of her case in Bladen County on the other. The Bladen DSS initially took Vera to Cumberland Hospital for treatment and presumably saw treatment there as being in her best interest. Furthermore, the Cumberland County District Court orders pursuant to N.C. Gen. Stat. § 122C-221 *et seq.* merely affected Vera during her hospitalization in Cumberland County. They had no effect on her beyond her hospitalization. In fact, by the terms of Bladen's own order of 30 March 1989, Bladen DSS was to find a suitable placement for Vera *upon her discharge* from the hospital.

Third, the 31 March 1989 Cumberland County order that Vera receive thirty additional days of inpatient treatment included a provision that attorneys representing any parties not interview Vera without the express approval of that court. Limiting contact with her parents' attorneys was a legitimate condition on Vera's continued hospitalization. Moreover, assuming that a primary purpose of interviews by her parents' attorneys was to seek visitation with Vera, the restriction on interviews with the attorneys was consistent with Bladen's own order of 30 March 1989, which had prohibited visits with her parents.

Fourth, that Bladen lacked a facility like Cumberland Hospital and a foster placement for Vera separate from her brother does not confer authority on the trial court to transfer her to Cumberland

County. We recognize that the trial judge may simply have been trying to place Vera in the setting best equipped to treat her. This effort must be made, however, within the limits of the court's authority.

The order itself does not reveal adequate statutory authority for the trial court's action and our review of other statutes has likewise revealed no basis for the order. Pursuant to N.C. Gen. Stat. § 7A-523(a), the Bladen County District Court acquired jurisdiction over Vera in June 1987 when Bladen DSS initiated proceedings alleging Vera to be "neglected." Pursuant to N.C. Gen. Stat. § 7A-524, the Bladen County District Court retained continuing jurisdiction of Vera's case. Neither N.C. Gen. Stat. §§ 7A-523 or 7A-524 vests the court with the authority to transfer its jurisdiction to Cumberland County District Court.

While N.C. Gen. Stat. § 7A-558(b) authorizes a judge to transfer a proceeding that was begun in a district other than a juvenile's residence to the district where the juvenile resides, this statute is not applicable here. Vera's legal residence when the proceeding was initiated was Bladen County, the county of her parents' residence. *See* N.C. Gen. Stat. § 153A-257(a). Neither her parents' incarceration outside Bladen County nor her hospitalization outside Bladen County affected her legal residence. *See id.* at (a)(2). The proceeding was begun in the county of Vera's residence, so the transfer mechanism of N.C. Gen. Stat. § 7A-558(b) was not triggered.

Finally, N.C. Gen. Stat. § 7A-647, entitled "Dispositional alternatives for delinquent, undisciplined, abused, neglected, or dependent juvenile," does not authorize a transfer to Cumberland DSS.

The 11 April 1989 order of the Bladen County District Court is

Reversed.

Judges JOHNSON and ORR concur.